UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISON

JEANNETTE RUGGERIO
and
DANIEL RUGGERIO,

        Plaintiffs,                       CASE NO:

v.

THE AXIOM GROUP
HOLDINGS, LLC,

        Defendant.

_____ /

## COMPLAINT FOR DAMAGES, DECLARATORY RELIEF
## AND DEMAND FOR JURY TRIAL

The Plaintiffs, JEANNETTE RUGGERIO and DANIEL RUGGERIO, (hereinafter rereferred to as the "Plaintiffs" or the "Ruggerios"), by and through their undersigned counsel, files this as their Complaint for Damages and Declaratory Relief and Demand for Jury Trial, and states as follows:

1.      The Plaintiffs brings this action for the illegal practices of the Defendant, THE AXIOM GROUP HOLDINGS, LLC (hereinafter referred to as "Defendant" or "AXIOM") which include the false statements of monies owed, and the use of false or deceptive practices in attempting to collect an alleged debt.

2.      The Plaintiffs allege that the Defendant has violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. The Plaintiffs request the practices of Defendant described below be declared to violate the FDCPA and that they be awarded statutory damages and actual damages payable by the Defendant. Section 559.72(9), *Florida Statutes*, provides that

no person shall claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist. The Plaintiffs request the practices of Defendant described below be declared to violate the FCCPA and that she be awarded statutory damages, actual damages, and punitive payable by the Defendant.

3.      Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

4.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

7.      Declaratory relief is requested pursuant to 28 U.S.C. §§2201 and 2202.

## PARTIES

8.      The Plaintiffs are individuals who reside in Clermont, Lake County, Florida, and "consumer(s)" as that term is defined by 15 U.S.C. § 1692a(3) and a persons with standing to bring a claim under the Fair Debt Collection Practices Act ("FDCPA") by virtue of being directly affected by a violation of the Act; to wit, Plaintiffs have been subjected to being the victims of improper debt collection activities, which are continuous and on-going at the time of the filing of this complaint.

9.      The Defendant facilitates the recovery of delinquent fees and assessment for homeowner association ("HOA") in Florida. The Defendant provides managerial services for delinquent homeowner's accounts, collecting the HOA fees s and handling business interactions with the homeowner.

10.      The Defendants are "debt collector(s)" as that term is defined by 15 U.S.C. § 1692a(6), with an address of 12425 Race Track Road, Suite 100 Tampa, FL 33626, to wit: Defendant used the mail in a business the principal purpose of which was to collect debt; regularly attempts to collect debts owed or due to another; attempted to collect a debt that was already in default when it acquired the debt.

11.      The Defendant is attempting to collect money is "debt" within the meaning of section 15 U.S.C. § 1692a(5), as the Defendant's debt collection letter addresses an alleged obligation of a consumer to pay money arising out of transaction in which the money, property,

insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

12.     The Defendant improperly attempted to collect on a debt claimed to be owed by the Plaintiffs that included inflated interests' charges, collection fees, and legal fees. The Defendant provided the Plaintiffs with inaccurate information as to the amount owed on the alleged debt.

## FACTUAL ALLEGATIONS

13.     On or about March 20, 2017, the Plaintiffs purchased a home located at 1106 Woodflower Way, Clermont, Florida, 34714, as tenants by the entirety.

14.     At the time the Plaintiffs purchased the home, they were unaware of that Woodbridge Master Association, Inc. ("Woodbridge") assessed a HOA fee of $121.00 annually.

15.     That based on information and belief, that from approximately March of 2018, until September of 2018, Woodbridge or Axiom mailed debt-collection correspondence to an address located in Miami, Florida to presumably, the previous owner(s) of the Plaintiff's home, to collect the 2018 HOA assessment of $121.00.

16.     In September of 2018, Woodbridge then transferred collection activities to Axiom.

17.     On or about September 18, 2018, Axiom mailed a debt collection letter to the Ruggerios that set forth an outstanding amount due of $579.71. A copy of the letter is attached hereto as Exhibit A.

18.     In the 9/18/18 correspondence to the Plaintiff, Axiom failed to itemize the "outstanding balance" of $579.71.

19.     Upon further inquiry, the Plaintiffs contacted Axiom to determine why the $121.00 yearly assessment ballooned to $579.71.

20.     In response to the Plaintiffs inquiry, on or about October 1, 2018, Axiom mailed to the Ruggerios two documents: A "CASE BALANCE" page and an "ITEMIZATION page". Copies are attached hereto as Exhibit B and Exhibit C, respectively:

### Case Balance Print

Name: Daniel P Ruggero
Property Address: 1106 Woodflower Way  Clermont, FL 34714
Lot:                                County:  Lake
Case #:
Mailing Address: 7553 NW 50th Street  Miami, FL 33166
File #:        14-7179-157
Lot:                                County:
Account #:

Status:      Active     Created on 09/17/2018        Balance:      $581.53     Sub Type:
Mgmt Co:   G&P Management                            Assoc:  Woodridge Master Association, Inc.
Disposition:   Account Type: HOA     Status: Active

| Date | Type | Code | Ref. # | Description | Charges | Payments | Balance | By |
|---|---|---|---|---|---|---|---|---|
| 09/17/2018 | Charge | ASSM | | Assessment Fees | $121.00 | $0.00 | $121.00 | CL |
| 09/17/2018 | Charge | INTR | | Interest Charges | $12.71 | $0.00 | $133.71 | CL |
| 09/17/2018 | Charge | OTHR | | Assoc Collection Fees | $15.00 | $0.00 | $148.71 | CL |
| 09/17/2018 | Charge | OTHR | | Stop Coupon Fee | $7.00 | $0.00 | $155.71 | CL |
| 09/17/2018 | Charge | LEG3 | | Legal Admin Fee | $140.00 | $0.00 | $295.71 | CL |
| 09/18/2018 | Charge | LTR | | Letter Fee | $4.00 | $0.00 | $299.71 | JC |
| 09/18/2018 | Charge | ACR | | Phase 1 Collections | $280.00 | $0.00 | $579.71 | JC |
| 09/30/2018 | Charge | INTR | | Interest | $1.82 | $0.00 | $581.53 | IMP |
| | | | | | $581.53 | $0.00 | $581.53 | |

Association:        Woodridge Master
File #              14-7179-157
Owner Name          Daniel P Ruggero
Date Printed        10/1/2018

Total Amount Due    295.71
Interest Rate       18%

| Description | Date | Current Assessment Amount | Assessment Balance | Current Simple Interest | Balance Interest | Other | Other Balance | Total Amount Due |
|---|---|---|---|---|---|---|---|---|
| | | 121.00 | 121.00 | | | | | 121.00 |
| Assessment | 1/1/2018 | | 121.00 | 1.82 | 1.82 | | | 122.82 |
| Interest | 1/31/2018 | | 121.00 | 1.82 | 3.63 | | | 124.63 |
| Interest | 2/28/2018 | | 121.00 | | 3.63 | 5.00 | 5.00 | 129.63 |
| Collection Fee | 3/13/2018 | | 121.00 | 1.82 | 5.45 | | 5.00 | 131.45 |
| Interest | 3/31/2018 | | 121.00 | | 5.45 | 5.00 | 10.00 | 136.45 |
| Collection Fee | 5/21/2018 | | 121.00 | | 7.26 | | 10.00 | 138.26 |
| Interest | 5/31/2018 | | 121.00 | 1.82 | 7.26 | 5.00 | 15.00 | 143.26 |
| Interest | 6/25/2018 | | 121.00 | | 9.08 | | 15.00 | 145.08 |
| Collection Fee | 6/30/2018 | | 121.00 | 1.82 | 10.89 | | 15.00 | 146.89 |
| Interest | 7/31/2018 | | 121.00 | 1.82 | 12.71 | | 15.00 | 148.71 |
| Interest | 8/31/2018 | | 121.00 | | 12.71 | 140.00 | 155.00 | 288.71 |
| Legal Admin Fee | 9/10/2018 | | 121.00 | | 12.71 | 7.00 | 162.00 | 295.71 |
| Stop Coupon Fee | 9/10/2018 | | 121.00 | | | | | |

Total Amount Due        295.71
Assessments Due         121.00
Interest Due            12.71
Other Due               162.00

21.     Both the CASE BALANCE and the ITEMIZATION pages are void of the language "this communication is from a debt collector".

22.     Both the CASE BALANCE and the ITEMIZATION pages indicate that they were printed on the same day – 10/01/18.

23.     The CASE BALANCE page shows the $121.00 being assessed on 9/17/2018; but a total amount due of $581.53 on 9/30/18 after interest charges; collection fees, stop coupon fee; legal admin fee; letter fee; and a "phase 1 collections fee" were added all less than 30 days after Axiom notified the Ruggerios that the $121.00 assessment was unpaid.

24.     The CASE BALANCE page conflicts with the ITEMIZATION page where the ITEMIZATION page shows the assessment date for the $121.00 is 1/1/2018 and shows the total amount due of $295.71 as of 10/1/2018.

25.     Even though both documents were printed the same date - 10/1/2018, both documents are contradictory as to the dates the fees were charged. For example, both the CASE BALANCE and ITEMIZATION pages indicate the assessment of a "legal administration fee" of $140.00 on two different dates.

26.     Both the CASE BALANCE and the ITEMIZATION pages are void of any language giving 30-day for the Ruggerios to dispute the validity of the debt or any portion thereof.

27.     The CASE BALANCE and ITEMIZATION pages were sent separate from the 9/18/2018 letter. The itemization correspondence does not inform the Ruggerios of their right to dispute the itemized debt; or whether the 30 days is extended to dispute the itemized charges as provided on 10/1/18.

28.     Axiom mailed debt collection correspondence meant for the Ruggerios to an address in Miami.

29.     The Defendant concocted a scheme to unlawfully attempt to collect a debt by furnishing correspondence to the Plaintiffs knowing that the information contained therein would be used to create the false belief in a consumer that they owe the debt, along with collection fees,

that quadruple the original assessment of $121.00, that accrued because Axiom mailed past due notices to the wrong address before it realized its mistake.

30.     That based on the foregoing, Axiom's communications are false, misleading, or deceptive to a least sophisticated consumers, like the Ruggerios, because it is confusing as to how much they should pay to Axiom to satisfy their obligation and whether they should be required to pay the collections costs that were accrued for Axioms debt collection activities directed to someone else other than the Plaintiffs.

31.     Under these circumstances, it is impossible for the Ruggerios to know whether they should pay the debt alleged by Axiom, and if so, how much debt to pay.

32.     Axiom's communications to the Ruggerios are misleading because the collection fees in the amount of $460.53 were assessed within 30 days of receiving the first debt collection letter from Axiom; and Axiom assessed $460.53 in fees prior to the expiration of the 30 days for the Ruggerios to challenge the validity of the debt.

33.     The Defendant unlawfully attempted to collect a debt by furnishing correspondence knowing that the information contained therein would be used to induce the Defendant to pay a debt that is inflated, and such communication is misleading to the least sophisticated consumer such as the Plaintiffs.

## COUNT I – VIOLATION OF FAIR DEBT COLLECTIONS PRACTICES ACT – 15 U.S.C. § 1692(e) 11

34.     The Plaintiffs incorporate the foregoing paragraphs 1 - 13 by reference as if set forth fully herein.

35.     By its actions, the Defendant(s) used false, deceptive and/or misleading communications by mailing correspondence and statements to the Plaintiffs by failing to indicate

that the correspondence or statement was a communication from a debt collector in violation of § 1692(e) 11.

36.     The Plaintiffs have retained the undersigned law office to represent his interests herein and is obligated to pay the undersigned a reasonable fee for its services.

37.     Trial by Jury: The Plaintiff is entitled to and hereby respectfully demand a trial by jury on all issues so triable. U.S. Const. amend. 7; Fed. R. Civ. P. 38; Fla R. Civ. P. 1.430.

**WHEREFORE**, Plaintiffs pray that:

A judgment be entered against the Defendant for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) for each Plaintiffs; an award of actual damages, and for an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); injunctive and declaratory relief regarding further collection attempts; and all other relief to which Plaintiffs are entitled.

## COUNT II – VIOLATION OF FAIR DEBT COLLECTIONS PRACTICES ACT – 15 U.S.C. § 1692(e) *et seq.*

38.     The Plaintiffs incorporate the foregoing paragraphs 1 - 34 by reference as if set forth fully herein.

39.     The Defendants intentionally or alternatively through gross negligence, violated the FDCPA by 1) falsely representing the character, amount, or legal status of a debt; and 2) using a false representation or deceptive means to collect or attempt to collect any debt.

40.     Specifically, Axiom, by mailing statements to the Plaintiff, in an attempt to collect a debt, attempted to mislead the Plaintiffs, to believe that the debt is legally enforceable  and otherwise attempting to collect a debt in a manner inconsistent with applicable debt collection law and by misleading the Plaintiffs into believing that they had an obligation to pay the outstanding

collection fees accrued for Axioms debt collection activities directed to someone else other than he Plaintiffs.

41.     By its actions, the Defendant(s) used false, deceptive and/or misleading communications by knowingly and willingly making false statements as to the "legal administration" fee because Axiom is not a debt collection law firm; and Axiom only mailed one (1) debt collection letter to the Ruggerios that sought to collect the "legal administration" fee in Axiom's very first correspondence to the Ruggerios.

42.     By its actions, the Defendant used false, deceptive and/or misleading communications by knowingly and willingly making false statements in seeking to induce the Ruggerios to pay a "Phase 1 Collections" fee of $280.00 assessed on 9/18/18 on the same day Axiom mailed its first debt collection letter to the Ruggerios and the same day a $4.00 "letter fee" was assessed to Ruggerios.

43.     By its actions, the Defendant used false, deceptive and/or misleading communications by knowingly and willingly making false statements in seeking to induce the Ruggerios to pay $15.00 for a "association collection fee" for debt collection activity directed to a consumer other than the Plaintiffs.

44.     The Defendant's actions were either intentional or grossly negligent as, the Plaintiff did everything in their power to notify AXIOM that its attempts to collect on a debt were invalid. AXIOM failed to follow any reasonable servicing standards that would prevent it from instituting debt collection activities on an inflated, fabricated debt.

45.     Despite its obligations, AXIOM intentionally disregarded its duties to the Plaintiffs which has caused Plaintiffs a high degree of emotional distress because they do not know whether

Axiom will place a lien on their home and pursue a foreclosure judgment against to enforce the lien.

46.     AXIOM has created unnecessary anxiety and stress in the Plaintiffs because the Plaintiffs are now stigmatized as irresponsible homeowners because they have been instructed to pay all future payments to AXIOM, a debt collector, instead of dealing directly with the HOA.

47.     As a result of the Defendant's actions, the Plaintiffs' reputation has been damaged and the Plaintiffs suffer from anxiety, sleeplessness, loss of appetite, and other such manifestations of emotional distress.

48.     The Plaintiffs have retained the undersigned law office to represent his interests herein and is obligated to pay the undersigned a reasonable fee for its services.

49.     Trial by Jury: The Plaintiff is entitled to and hereby respectfully demand a trial by jury on all issues so triable. U.S. Const. amend. 7; Fed. R. Civ. P. 38; Fla R. Civ. P. 1.430.

**WHEREFORE**, Plaintiffs pray that:

A judgment be entered against the Defendant for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) for each Plaintiffs; an award of actual damages, and for an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); injunctive and declaratory relief regarding further collection attempts; and all other relief to which Plaintiffs are entitled.

## COUNT III – VIOLATION OF FAIR DEBT COLLECTIONS PRACTICES ACT – 15 U.S.C. § 1692c (b)

50.     The Plaintiffs re-allege paragraphs 1 – 15 by reference as if set forth fully herein.

51.     15 USC 1692c (b) provides: *"...without the prior consent of the consumer given directly to the debt collector ... a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer..."*

52.     Without the Plaintiffs' consent, Axiom communicated with the previous owner of the Plaintiffs' home  in connection concerning the Plaintiffs' personal debt while attempting to collect a debt.

53.     The Plaintiffs have retained the undersigned law office to represent his interests herein and is obligated to pay the undersigned a reasonable fee for its services.

54.     Trial by Jury: The Plaintiff is entitled to and hereby respectfully demand a trial by jury on all issues so triable. U.S. Const. amend. 7; Fed. R. Civ. P. 38; Fla R. Civ. P. 1.430.

**WHEREFORE**, Plaintiffs pray that:

A judgment be entered against the Defendant for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) for each Plaintiffs; an award of actual damages, and for an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); injunctive and declaratory relief regarding further collection attempts; and all other relief to which Plaintiffs are entitled.

## COUNT IV – ACTION FOR VIOLATION OF FLORIDA CONSUMER COLLECTIONS PRACTICES ACT ("FCCPA") § 559.72(9)

55.     The Plaintiffs re-allege paragraphs 1 – 34 by reference as if set forth fully herein.

56.     Section 559.77(5), Florida Statutes, provides that interpretations of the federal courts relating to the FDCPA shall be given great weight when applying the provision of the FCCPA.

57.     At all times material, pursuant to section 559.55(7), *Florida Statutes*, the Defendant was a "debt collector," as it used an instrumentality of commerce for the purpose of collecting a debt, by mailing statements and notices of past due amounts, and such.

58.     Axiom has attempted to collect money is a "consumer debt" within the meaning of section 559.55(1), as the statements mailed by Axiom concern an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

59.     Section 559.72(9), *Florida Statutes*, provides that no person shall claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

60.     Specifically, Axiom, by knowingly mailing statements to the Plaintiffs, in an attempt to collect a debt, attempted to mislead the Plaintiffs, to believe that the debt is legally enforceable  and otherwise attempting to collect a debt in a manner inconsistent with applicable debt collection law and by misleading the Plaintiffs into believing that they had an obligation to pay the outstanding collection fees accrued for Axioms debt collection activities directed to someone else other that he Plaintiffs.

61.     By its actions, the Defendant(s) used false, deceptive and/or misleading communications by knowingly and willingly making false statements as to the "legal administration" fee because Axiom is not a debt collection law firm; and Axiom only mailed one (1) debt collection letter to the Ruggerios that sought to collect the "legal administration" fee in Axiom's very first correspondence to the Ruggerios.

62.     By its actions, the Defendant used false, deceptive and/or misleading communications by knowingly and willingly making false statements in seeking to induce the Ruggerios to pay a "Phase 1 Collections" fee of $280.00 assessed on 9/18/18 on the same day Axiom mailed its first debt collection letter to the Ruggerios and the same day a $4.00 "letter fee" was assessed to Ruggerios.

63.     By its actions, the Defendant used false, deceptive and/or misleading communications by knowingly and willingly making false statements in seeking to induce the Ruggerios to pay $15.00 for a "association collection fee" for debt collection activity directed to a consumer other than the Plaintiffs.

64.     By its actions, the Defendant used false, deceptive and/or misleading communications by knowingly and willingly making false statements in seeking to induce the Ruggerios to pay $579.71 by mailing a debt collection letter to the Ruggerios without providing an itemization of the fees Axiom was seeking to collect from the Ruggerios.

65.     The Defendant's actions were either intentional or grossly negligent as, the Plaintiff did everything in their power to notify AXIOM to attempt to collect on a debt were invalid. AXIOM failed to follow any reasonable servicing standards that would prevent it from instituting debt collection activities on an inflated, phantom debt.

66.     Despite its obligations, AXIOM intentionally disregarded its duties to the Plaintiffs which has caused Plaintiffs a high degree of emotional distress because they do not know whether Axiom will place a lien on their home and pursue a foreclosure judgment against to enforce the lien.

67.     AXIOM has created unnecessary anxiety and stress in the Plaintiffs because the Plaintiffs are now stigmatized as irresponsible homeowners because they have been instructed to pay all future payments to AXIOM, a debt collector, instead of dealing directly with the HOA.

68.     As a result of the Defendant's actions, the Plaintiffs' reputation has been damaged and the Plaintiffs suffer from anxiety, sleeplessness, loss of appetite, and other such manifestations of emotional distress.

69.     The Plaintiffs have retained the undersigned law office to represent his interests herein and is obligated to pay the undersigned a reasonable fee for its services.

70.     Trial by Jury: The Plaintiff is entitled to and hereby respectfully demand a trial by jury on all issues so triable. U.S. Const. amend. 7; Fed. R. Civ. P. 38; Fla R. Civ. P. 1.430.

WHEREFORE, The Plaintiffs pray that judgment be entered against the Defendant for an award of statutory damages of $1,000.00 pursuant to § 559.77(2), *Florida Statutes*, for each violation of the statute pursuant to *Beeders v. Gulf Coast Collection Bureau*, 632 F. Supp. 2d 1125 (M.D. Fla. 2009); for an award of actual damages, punitive damages, and for an award of litigation costs and reasonable attorney's fees; injunctive and declaratory relief regarding further collection attempts against the Plaintiff; and any and all other relief to which Plaintiffs are entitled.

Trial by Jury: Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. U.S. Const. amend. 7; Fla R. Civ. P. 1.430.

**PLAINTIFFS HEREBY DEMAND TRIAL BY JURY THIS ACTION.**

Respectfully submitted on this ___15th___ day of November, 2018, by

By: _____

Jason Brian Phillips, Esq.
Florida Bar No: 89841

J. BRIAN PHILLIPS, P.A.
P.O. Box 621176
Orlando, FL 32862-1176
Tel. (407) 237-0192
jason@jbrianphillipsesq.com
TRIAL COUNSEL FOR THE PLAINTIFFS